JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025

Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendants
SEARS HOLDINGS MANAGEMENT
CORPORATION and SEARS, ROEBUCK AND CO.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LUCERO and RAFAEL SOLORZANO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; SEARS, ROEBUCK AND CO., a New York Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  **'14CV1620 AJB  WVG**<br><br>**DEFENDANTS SEARS HOLDINGS MANAGEMENT CORPORATION AND SEARS, ROEBUCK AND CO.'S NOTICE OF REMOVAL** |

DEFENDANTS' NOTICE OF REMOVAL

OHSUSA:757652886.4

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Sears, Roebuck and Co. ("Sears") and Sears Holdings Management Corporation ("SHMC") (collectively "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 (d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Diego, and state that the removal is proper for the reasons stated below.

## BACKGROUND

1. On January 29, 2014, Plaintiffs Jennifer Lucero and Rafael Solorzano (collectively "Plaintiffs"), individually and purportedly on behalf of all others similarly situated, filed a Complaint (the "Complaint") in the Superior Court of California for the County of San Diego, captioned "*JENNIFER LUCERO and RAFAEL SOLORZANO, individuals, on behalf of themselves, and on behalf of all persons similarly situated v. SEARS HOLDING MANAGEMENT CORPORATION, a Corporation; SEARS, ROEBUCK & CO., a Corporation; and DOES 1 through 50, inclusive;*" Case No. 37-2014-00000431-CU-OE-CTL (the "Action"). On June 3, 2014, Plaintiffs filed their First Amended Complaint ("FAC"). The allegations of the FAC are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2. The FAC asserts five causes of action: (1) unfair competition in violation of Labor Code Section 17200; (2) failure to pay overtime compensation; (3) failure to provide itemized wage statements; (4) failure to provide wage when due; and (5) violation of the Private Attorney General Act. Plaintiffs seek relief in the form of allegedly unpaid wages, pay for alleged failure to provide meal and rest periods, restitution, injunctive relief, declaratory relief, penalties under the Labor

Code, compensatory damages, costs, and interest.

3. The FAC is based upon Plaintiffs' allegation that they and other Assistant Store Managers were misclassified as exempt employees.

4. The FAC names as defendants SHMC and Sears, both of which are non-California corporations, with their principal places of business in Illinois. Defendants are informed and believe there have been no other defendants named in this case.

5. Defendants' counsel received the Summons, FAC, and other papers by mail, which Defendants acknowledged on June 20, 2014. The Summons and FAC are attached hereto together with all other pleadings, process and orders served on Defendants as **Exhibit A**. Defendants filed an Answer in state court on July 7, 2014, a copy of which is attached hereto as **Exhibit B**. Plaintiffs and Defendants also filed case management conference statements, copies of which are respectively attached as **Exhibits C and D**. The Original Complaint is attached as **Exhibit E**. This Notice of Removal is timely under any removal time period. 28 U.S.C. § 1446(b) (filed within thirty days of the first receipt by a defendant of a copy of the Summons and Complaint in this matter); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (2013) (thirty-day removal period not triggered by indeterminate complaint that "does not make clear whether the required jurisdictional elements are present").

## CLASS ACTION FAIRNESS ACT

6. Defendants remove this Action based upon the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this Action under § 1332(d)(2). As set forth below, this Action is removable pursuant to 28 U.S.C. § 1441(a) as it is a proposed class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy

exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the FAC is a state, officer of a state, or a governmental agency. 28 U.S.C. § 1332(d)(5).

### Diversity of Citizenship

7. <u>Plaintiff's Citizenship.</u> Plaintiff Solorzano alleges that he has been an employee of Sears in California since September 2007. FAC ¶ 7. Plaintiff Lucero was employed by Sears in California until April 2014. FAC ¶ 6. Pursuant to the most current demographic information Plaintiffs provided to Sears, they are both residents of Los Angeles County, California. Declaration of Robert Springhorn in Support of Defendants' Notice of Removal, ("Springhorn Decl.") ¶ 3. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendants therefore allege that Plaintiffs are citizens of California.

8. <u>Citizenship Of Members Of Proposed Plaintiff Class.</u> Plaintiffs allege that the proposed class and sub-class consist only of persons currently or formerly employed within the State of California. FAC ¶¶ 31, 43. On that basis, Defendants allege that at least two-thirds of the persons who make up the proposed class are citizens of the State of California.

9. <u>Defendants' Citizenship.</u> Defendant SHMC is incorporated under the laws of the State of Delaware, and has its principal place of business in Hoffman Estates, Illinois, where it is headquartered. Springhorn Decl. ¶ 4. Defendant Sears is incorporated under the laws of the State of New York, and has its principal place of business in Hoffman Estates, Illinois, where it is headquartered. *Id.* at ¶ 5. A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28

OHSUSA:757652886.4

1  U.S.C. § 1332(c).

2  10.  <u>Doe Defendants' Citizenship.</u>  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

11.  <u>Size of Proposed Class.</u>  The Complaint defines the following proposed classes:

> (a) <u>California Class</u>: "all persons who are or previously were employed by DEFENDANTS as an Assistant Store Manager in a California retail store and were classified as exempt from overtime wages (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD")."  FAC ¶ 31.
>
> (b) <u>California Labor Sub-Class</u>: "all members of the CALIFORNIA CLASS who were employed by DEFENDANTS in a California retail store (the "CALIFORNIA LABOR SUB-CLASS") during the period beginning on the date three (3) years prior to the filing of this action and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to California Code of Civil Procedure § 382."  FAC ¶ 43.

12.  Defendants assert that there are more than 100 individuals who are or were employed as Assistant Store Managers in a California retail store during the four-year period alleged in the FAC.  FAC ¶ 31.  Defendants estimate that the actual number of such employees is at least 890.  Springhorn Decl. ¶ 7.

**AMOUNT IN CONTROVERSY**

13.  In considering the amount in controversy, what matters is the amount

put in controversy by Plaintiffs' FAC, not what amount Defendants will actually owe (if anything). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir.2010); *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met"). Consequently, the existence of a defense that may apply to some or all of the claims is irrelevant. "[A]ffirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum." *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366 at *3 (C.D. Cal. Aug. 6, 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify remand.")). If the rule were otherwise, then a court would need to decide the merits before deciding the jurisdictional issue, which is plainly untenable. *Lara*, 2010 WL 3119366 at *3, quoting *Larsen v. Hofman*, 444 F. Supp. 245 (D.D.C. 1977) ("Jurisdictional determinations would otherwise have to await the outcome of trial on the merits in which counterclaims, set-offs, etc. may or may not be raised and, even if raised, may ultimately be demonstrated to be invalid").

14.   The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Defendants deny Plaintiffs' claims in their entirety and assert that Plaintiffs' claims are not amenable to class treatment, but provide the following analysis of potential damages (without admitting liability) in order to demonstrate that Plaintiffs' FAC puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).

15.     When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Defendants must show by a preponderance of the evidence that CAFA's jurisdictional requirements are satisfied. *Rodriguez v. AT&T Mobility Sevs. LLC*, 728 F.3d 975 (9th Cir. 2013); *Abrego*, 443 F.3d at 683. The burden is not "daunting," and "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *7 (E.D. Cal. April 30, 2007)(citation omitted); *Ray v. Wells Fargo Bank, N.A.*, CV 11–1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D.Cal. May 9, 2011); *Deehan v. Amerigas Ptnrs., L.P.*, 2008 U.S. Dist. LEXIS 67180, at *4 (S.D. Cal. Sept. 2, 2008) ("Defendant is not required to prove Plaintiff's case for him").[1] The preponderance burden is satisfied where the defendant's calculations are conservative, made in good faith, and based on evidence wherever possible. *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). Thus, Defendants in this case are only required to establish that it is more likely than not that the amount in controversy exceeds $5,000,000. Statutory penalties may be considered by the Court when determining the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met"). The Court should also include requests for attorneys' fees in determining the amount in

---

[1] Accordingly, nothing in this Notice should be deemed an admission of liability by Defendants. Defendants affirmatively deny they are liable and deny that Plaintiffs and the proposed class have been damaged at all.

controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

16.  Plaintiffs allege in the FAC that Defendants engaged in unfair, fraudulent and illegal business practices pursuant to Business and Professions Code § 17200 *et seq.* FAC ¶¶ 55-69. Plaintiffs allege that Defendants have underpaid the alleged CALIFORNIA CLASS and seek to recover unpaid overtime, one hour of pay for each workday in which an off-duty meal period was not timely provided, and one hour of pay for each workday in which a rest period was not timely provided. FAC ¶¶ 60, 63-64, 67. Plaintiffs also seek declaratory and injunctive relief. FAC ¶ 68.

17.  The FAC also seeks compensatory damages for allegedly unpaid overtime over a three-year period. *See* FAC ¶ 86; Prayer for Relief, ¶ 2(B). Based on Plaintiffs' overtime claim, Plaintiffs also seek waiting time penalties pursuant to California Labor Code section 203 on behalf of CALIFORNIA LABOR SUB-CLASS members who are no longer employed with Defendants. FAC ¶¶ 86, 99.

18.  In addition, Plaintiffs seek damages for allegedly inaccurate wage statements at the amounts set by Labor Code § 226, which sets forth maximum damages of $4,000 per employee. FAC ¶ 91; Prayer for Relief, ¶ 2(C).

19.  The potential damages, penalties and restitution Plaintiffs seek in this action exceed $5,000,000, exclusive of interest and costs.

20.  In their first cause of action, Plaintiffs allege Defendants engaged in unfair competition in violation Section 17200 by improperly classifying them as exempt from overtime. FAC ¶ 20. Section 17200 has a four-year statute of limitations. Cal. Bus. & Prof. Code §17208.

21.  For the period of January 29, 2010 through April 21, 2014, Defendants' records show that Sears employed at least 890 Assistant Store Managers in California. Springhorn Decl. ¶¶ 6-7. During that timeframe, these

OHSUSA:757652886.4

Assistant Store Managers cumulatively worked 78,196 workweeks, and the average hourly rate of compensation for these Assistant Store Managers was $23.45. Springhorn Decl. ¶¶ 6-8. In their FAC, Plaintiffs allege that they and members of the alleged CALIFORNIA CLASS generally work "in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and also more than twelve (12) hours in a workday." FAC ¶ 13; see also id. ¶¶ 29-30 (alleging Plaintiffs are "**regularly required to work** in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and also **in excess of twelve (12) hours in a workday**"), 39(c) (alleging Plaintiffs' claims are typical of the claims of each putative class member). Plaintiffs' allegation that they "regularly" work more than 12 hours in a workday means that in a 5-day (i.e., 40 hour) workweek, they claim to work at least 20 hours of overtime. Even if Plaintiffs claim to have worked a single 12-hour day per week, that would be at least 4 hours of overtime per week.

22.     Generally consistent with Plaintiffs' allegations in the FAC as to the number of purported overtime hours worked, the plaintiff's 11 declarations from California retail store Assistant Store Managers filed in *Candace Casida v. Sears Holdings Corporation and Sears, Roebuck & Co.*, Case No. 1:11-cv-01052-AWI-JLT, a prior recent action in the United States District Court for the Eastern District of California also alleging that Assistant Store Managers were misclassified as exempt, all claimed that they "regularly worked" more than 40 hours per week. Declaration of Joseph C. Liburt in Support of Removal, ("Liburt Decl.") ¶ 3, Exhs. A-K.[2] Specifically, the *Casida* declarants stated that they were "generally scheduled" to work within a range of 40 to 60 hours per week, and "regularly worked" within a range of 50 to 80 hours per week. Liburt Decl. ¶ 3, Exh. A, at ¶

---

[2] In *Casida*, the plaintiff alleged that Sears misclassified its Assistant Store Managers as exempt from overtime and sought to represent a class of current and former Assistant Store Managers who worked for Sears in its California retail stores. Liburt Decl. ¶ 2. Concurrent with the filing of this Notice, Defendants have also requested that the Court take judicial notice of the Assistant Store Manager declarations filed by the plaintiff in *Casida*.

3; Exh. B, at ¶ 3; Exh. C, at ¶ 3; Exh. D, at ¶ 3; Exh. E, at ¶ 3; Exh. F, at ¶ 3; Exh. G, at ¶ 3; Exh. H, at ¶ 3; Exh. I, at ¶ 3; Exh. J, at ¶ 3; Exh. K, at ¶ 3. The average of the median of the ranges of hours allegedly scheduled and "regularly worked" by these declarants was 49.68 and 64.05 hours per week, respectively. *Id.* Indeed, eight of the *Casida* declarants also alleged that it was "common" to work 10 or more hours per day, with several alleging it was "common" to work up to 14 hours per day. *Id.*

23. Based on Plaintiffs' allegations in the FAC that they and putative class members regularly work in excess of 12 hours in a day (and consistent with the estimates of the *Casida* declarants), Plaintiffs' allegations conservatively put at least 4 hours of overtime per week per putative class member at issue. This allegation alone is sufficient to meet the amount-in-controversy requirement as this allegation puts at least **$11,002,177** in controversy ([78,196 workweeks] x [4 hour] x [1.5 x $23.45]). *See* IWC Wage Order 7, § 3.A.1.a.

24. Taking an even more conservative view of Plaintiffs' allegations in the FAC and the estimates of the *Casida* declarants, Plaintiffs' allegations most conservatively put at least one hour of overtime per week per putative class member at issue. Even under this highly conservative approach, Plaintiffs' claim for overtime wages over a four-year period under Section 17200 puts at least **$2,750,544.30** in controversy ([78,196 workweeks] x [1 hour] x [1.5 x $23.45]). *See* IWC Wage Order 7, § 3.A.1.a.

25. In their fourth cause of action, Plaintiffs seek recovery of statutory waiting time penalties under Labor Code Section 203 for all of the members of the CALIFORNIA LABOR SUB-CLASS who no longer work at Sears. *See* FAC ¶¶ 86, 99. Specifically, based on their allegation that Defendants failed to provide overtime compensation to Plaintiffs and the purported sub-class, Plaintiffs allege that all of the sub-class members who no longer work for Defendants are entitled to

waiting time penalties. *See* FAC ¶¶ 83 (alleging "DEFENDANTS fail[ed] to pay the PLAINTIFFS, and the other members of the CALIFORNAI LABOR SUB-CLASS, overtime compensation"), 86 ("[t]o the extent overtime compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment, these employees would also be entitled to waiting time penalties"). California Labor Code section 203 provides a penalty of up to 30 days of wages-equivalent and has a three year statute of limitations. *Pineda v. Bank of Am.*, 50 Cal. 4th 1389, 1401 (2010) (three year statute of limitations under Code of Civil Procedure section 338(a) applies to Section 203 claims).

26. From January 29, 2011 through April 21, 2014, at least 383 employees who were Assistant Store Managers in a California retail store separated from employment with Sears. Springhorn Decl. ¶ 9. At termination, these employees earned an average hourly wage of at least $23.12.[3] *Id.* More than 30 days have passed since all of these employees left Sears. *Id.* Thus, Plaintiffs' claim for waiting time penalties puts at least **$2,125,190.40** in waiting time penalties in controversy ([383 terminated employees] x [$23.12 per hour] x [8 hours per day] x [30 days]).

27. In their third cause of action, Plaintiffs allege that because they and putative class members were purportedly misclassified as exempt employees, their wage statements were incorrect and violated Labor Code Section 226. *See* FAC ¶ 90 (contending, among other allegations, that the wage statements provided to the CALIFORNIA LABOR SUB-CLASS violated Section 226 by failing to "properly and accurately [itemize] the number of hours worked"). Among other requirements, Labor Code section 226(a) requires that wage statements show total hours worked by an employee, unless the employee is paid a salary and exempt

---

[3] This average rate is calculated based on the actual rates of employees at the time of termination, which is not based on assumptions. Springhorn Decl., ¶ 9.

- 11 -   DEFENDANTS' NOTICE OF REMOVAL

OHSUSA:757652886.4

from overtime.  Here, Sears's wage statements for exempt employees (including Assistant Store Managers at retail stores in California) do not itemize or list the number of hours worked.  Springhorn Decl., ¶ 10.  Thus, because Plaintiffs allege that Sears misclassified Assistant Store Managers as exempt, Plaintiffs' Section 226 allegation challenges the compliance of every single wage statement issued to every putative class member of Plaintiffs' CALIFORNIA LABOR SUB-CLASS. ; FAC ¶ 22, 79-80, 90.

28. Failure to issue accurate itemized wage statements carries a penalty of the greater of actual damages, or $50 for the initial pay period and $100 for subsequent pay periods, up to a maximum penalty of $4,000 per employee.  Cal. Lab. Code. § 226(e)(1); s*ee also* FAC ¶ 91.  The statute of limitations period for a claim for penalties under Section 226 is one year.  Cal. Civ. Proc. Code § 340(a)

29. During the period January 29, 2013 through April 21, 2014, Sears employed 473 Assistant Store Managers in California retail stores.  Springhorn Decl. ¶ 11.  During that timeframe, these Assistant Store Managers were cumulatively employed for at least 9,365 pay periods in which Sears issued them a wage statement, with no individual employee having more than 40 pay periods in which Sears issued them a wage statement.  *Id.*  Thus, Plaintiffs' claim for penalties pursuant to Section 226 puts at least **$912,850** in controversy ([$50 penalty x 473 alleged violations for initial wage statements] + [$100 penalty x 8,892 alleged violations for subsequent wage statements]).

30. Taken together, a highly conservative approach to Plaintiffs' Section 17200 claim for overtime wages at one hour per week and claims for penalties pursuant to Labor Code sections 203 and 226 put at least **$5,788,584.70** in controversy.  As the calculations above demonstrate, there is well over $5,000,000 in controversy, based on proposed class size, Plaintiffs' overtime allegations, and the penalty amounts that are directly placed in controversy by the third and fourth

OHSUSA:757652886.4

causes of action in Plaintiffs' FAC. This amount is satisfied even without addressing Plaintiffs' demand for an hour of pay for each workday that Defendants allegedly failed to timely provide a meal period and rest break.[4] Likewise, these calculations only calculate the potential penalties for allegedly incorrect wage statements using a one-year statute of limitations, despite Plaintiffs' FAC seeking penalties over a three-year period.[5] FAC ¶¶ 43, 91; *Lara*, 2010 WL 3119366 at *3 (existence of defense irrelevant to amount-in-controversy requirement). As discussed above, the calculation also uses a highly conservative estimate of one hour of overtime per week per Assistant Store Manager, despite Plaintiffs' allegations that they worked far more hours – *e.g.*, alleging Plaintiffs and putative class members generally worked twelve hours in a day. *See, e.g.*, FAC ¶ 13. Also, the calculation does not include potential attorneys' fees, which are provided for by statute and in the Ninth Circuit typically are 25 percent of any judgment in favor of the plaintiff. FAC ¶¶ 75, 86, 99. Accordingly, CAFA's amount-in-controversy requirement is easily satisfied.

### No Bases for Rejecting or Declining Jurisdiction Exist

31. There are no bases for this Court to reject or decline jurisdiction as set out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a

---

[4] For example, if one meal period and one rest break were not timely provided per workweek per putative class member, Plaintiffs' meal and rest period allegations put an additional **$3,667,392.40** in controversy ([78,196 workweeks x $23.45 per hour x 1 hour per workweek for meal periods] + [78,196 workweeks x $23.45 per hour x 1 hour per workweek for rest breaks]). Springhorn Decl. ¶¶ 6-8.

[5] During the period January 29, 2011 through April 21, 2014, Sears employed 756 Assistant Store Managers in California retail stores, 277 of whom were employed more than 40 pay periods in which Sears issued them a wage statement. Springhorn Decl. ¶ 12. The remaining 479 Assistant Store Managers were employed a total of 8,153 pay periods in which Sears issued them a wage statement during that timeframe. *Id.* Thus, using the three-year statute of limitations alleged by Plaintiffs, Plaintiffs' Section 226 claim puts at least **$1,899,350** in controversy ([277 Assistant Store Managers who were issued more than more 40 pay periods x $4,000] + [479 initial wage statements for Assistant Store Managers who were issued no more than 40 wage statements x $50 penalty] + [7,674 subsequent wage statements for Assistant Store Managers who were issued no more than 40 wage statements x $100 penalty]).

citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

## VENUE

32. Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of San Diego, which is embraced by the Southern District of California.

## NOTICE OF REMOVAL

33. This Notice of Removal shall be served promptly on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

34. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of Plaintiff's state-court papers served herein, including the summons and Complaint. Attached as **Exhibit B** is a true and correct copy of the answer filed by Defendants in state court. Attached as **Exhibits C and D** are true and correct copies of the case management conference statements filed by Plaintiffs and Defendants, respectively, in state court. The Original Complaint is attached as **Exhibit E.**

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

Dated: July 8, 2014

JOSEPH C. LIBURT
Orrick, Herrington & Sutcliffe LLP

By: s/Joseph C. Liburt
JOSEPH C. LIBURT
Attorneys for Defendants

OHSUSA:757652886.4

*Jennifer Lucero and Rafael Solorzano, individually and on behalf of all others similarly situated, v. Sears Holdings Management Corporation, et al.*
**USDC, Southern District of California**

**Defendants Sears Holdings Management Corporation and Sears, Roebuck and Co.'s Notice of Removal**

### INDEX OF EXHIBITS

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Summons as to Defendant Sears Holding Management Corporation; Summons as to Defendant Sears, Roebuck & Co.; First Amended Complaint; Civil Case Cover Sheet as to Defendant Sears Holding Management Corporation; Civil Case Cover Sheet; Notice & Acknowledgment as to Sears Holding Management Corporation; Notice & Acknowledgment as to Sears, Roebuck & Co.; Notice of Case Assignment; Notice of Electronic Filing Requirements; General Order of the Department; and ADR Information. | 16 - 80 |
| B | Defendants' Answer to Plaintiffs' First Amended Complaint. | 81 - 88 |
| C | Defendants' Case Management Statement; and Defendants' Proof of Service on Case Management Statement. | 89 - 97 |
| D | Plaintiff's Case Management Statement. | 98 - 104 |
| E | Class Action Complaint. | 105 - 144 |