# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
SEARS HOLDING MANAGEMENT CORPORATION, a Corporation;
SEARS, ROEBUCK & CO., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JENNIFER LUCERO and RAFAEL SOLORZANO, individuals, on
behalf of themselves, and on behalf of all persons similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **01/29/2014** at 02:28:29 PM |
| Clerk of the Superior Court |
| By My-Vinh B. Pham,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | 37-2014-00000431-CU-OE-CTL |
| Central | |
| 330 W. Broadway, San Diego, CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Norman Blumenthal   (Bar # 68687)                                    Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037   Phone No.: (858) 551-1223

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) 01/29/2014 | (Secretario) M. Pham | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): SEARS HOLDING MANAGEMENT CORPORATION

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | LexisNexis® Automated California Judicial Council Forms |

Exhibit A
Page 17

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEARS HOLDING MANAGEMENT CORPORATION, a Corporation;
SEARS, ROEBUCK & CO., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER LUCERO and RAFAEL SOLORZANO, individuals, on
behalf of themselves, and on behalf of all persons similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **01/29/2014** at 02:28:28 PM |
| Clerk of the Superior Court |
| By My-Vinh B. Pham, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2014-00000431-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman Blumenthal    (Bar # 68687)                      Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037       Phone No.: (858) 551-1223

| DATE:<br>*(Fecha)*   01/29/2014 | Clerk, by<br>*(Secretario)* _____ M. Pham _____ , Deputy<br>*(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  SEARS, ROEBUCK & CO.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov*<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiffs

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JENNIFER LUCERO and RAFAEL SOLORZANO, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS HOLDINGS MANAGEMENT CORPORATION, a Corporation; SEARS, ROEBUCK & CO., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. **37-2014-00000431-CU-OE-CTL**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198, *et seq.*;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br><br>5. LABOR CODE PRIVATE ATTORNEY GENERAL ACT [LABOR CODE § 2698 *et seq.*].<br><br>**DEMAND FOR A JURY TRIAL** |

1    Plaintiffs Jennifer Lucero and Rafael Solorzano ("PLAINTIFFS"), on behalf of
2  themselves and all other similarly situated current and former employees, allege on information
3  and belief, except for their own acts and knowledge, the following:

4

5                                    **THE PARTIES**

6        1.     Defendant Sears Holdings Management Corporation is a corporation and at all
7  relevant times mentioned herein conducted and continues to conduct substantial and regular
8  business throughout California.

9        2.     Defendant Sears, Roebuck and Co. is a corporation and is a wholly owned
10 subsidiary of Defendant Sears Holdings Management Corporation.

11       3.     Defendants Sears Holdings Management Corporation and Sears, Roebuck and Co.
12 are the joint employers of PLAINTIFFS as evidenced by paychecks and by the company the
13 PLAINTIFFS perform work for respectively, and are therefore jointly responsible as employers
14 for the conduct alleged herein, and are therefore collectively referred to herein as "SEARS" or
15 "DEFENDANTS."

16       4.     SEARS is the nation's fourth largest broad-line retailer with over 4,000 full-line
17 and speciality retail stores in the United States and Canada.  SEARS' full-line stores offer a
18 wide variety of products and services including, home appliances, consumer electronics,
19 sporting goods, outdoor living, lawn and garden equipment, automotive services and products,
20 as well as apparel, footwear and jewelry. As of January 2011, SEARS employed over 280,000
21 employees in the United States.

22       5.     To successfully compete against the other broad-line retailers, SEARS
23 substantially reduced its labor costs by placing the labor burden on a smaller number of
24 employees.   The goal of overtime laws includes expanding employment throughout the
25 workforce by putting financial pressure on the employer and nurturing a stout job market, as
26 well as the important public policy goal of protecting employees in a relatively weak bargaining
27 position against the unfair scheme of uncompensated overtime work. An employer's obligation
28 to pay its employees wages is more than a matter of private concern between the parties. That

---

FIRST AMENDED CLASS ACTION COMPLAINT
-2-
Case No.: 37-2014-00000431-CU-OE-CTL

1   obligation is founded on a compelling public policy judgment that employees are entitled to
2   work a livable number of hours at a livable wage.  In addition, statutes and regulations that
3   compel employers to pay overtime relate to fundamental issues of social welfare worthy of
4   protection.  The requirement to pay overtime wages extends beyond the benefits individual
5   workers receive because overtime wages discourage employers from concentrating work in a
6   few overburdened hands and encourage employers to instead hire additional employees.
7   Especially in today's economic climate, the importance of spreading available work to reduce
8   unemployment cannot be overestimated.

9      6.   Plaintiff Jennifer Lucero was employed by SEARS in California as a Assistant
10  Store Manager from February of 2012 to April of 2014.  At all times during her employment
11  with SEARS as an Assistant Store Manager Plaintiff Lucero was classified as a salaried
12  employee exempt from overtime pay and legally required meal breaks.

13     7.   Plaintiff Rafael Solorzano has been employed by SEARS in California as a
14  Assistant Store Manager since September of 2007.  At all times during his employment with
15  SEARS as an Assistant Store Manager Plaintiff Solorzano has been classified as a salaried
16  employee exempt from overtime pay and legally required meal breaks.

17     8.   As part of their business, SEARS employs a fleet of so called "Assistant Store
18  Managers."  PLAINTIFFS, as Assistant Store Managers, are engaged in the core, day-to-day
19  business activities of SEARS.  The Assistant Store Managers engage in the finite set of tasks
20  of working the retail register, greeting customers, handling customer requests and customer
21  service complaints, taking inventory, receiving product shipments, setting up and maintaining
22  product displays, and filling out monthly task schedule worksheets in accordance with SEARS'
23  company policies.  In addition, SEARS also requires the Assistant Store Managers to perform
24  extensive work before and after SEARS' normal business hours in order to prepare promotional
25  displays and sales racks in conformity with SEARS' corporate standards and procedures.

26     9.   The position of Assistant Store Manager was represented by SEARS to the
27  PLAINTIFFS and the other Assistant Store Managers as a salaried position exempt from
28  overtime pay and other related benefits.

---

FIRST AMENDED CLASS ACTION COMPLAINT
-3-
Case No.: 37-2014-00000431-CU-OE-CTL

10.     To perform their finite set of tasks, the Assistant Store Managers do not engage in a supervisory role given the constraints placed upon them by company policy.  Assistant Store Managers do not determine what work was to be done by other employees or in what time frame.  Furthermore, Assistant Store Managers also do not have a distinct role in training other employees or determining what training they are to receive.  Lastly, PLAINTIFFS and other Assistant Store Managers do not have the authority to hire, fire, or promote employees, determine their pay rates or benefits, or give raises as they are unable to make employment-related, personnel decisions.  Consequently, PLAINTIFFS and the other Assistant Store Managers do not have the authority to decide whether or not an employee should be disciplined for an infraction.  Disciplinary decisions are made by the human resources department or dictated by company policies.  Overall, the PLAINTIFFS' and other Assistant Store Managers' recommendations are given little, if any, weight on all the above issues.  As a result, the PLAINTIFFS and the other Assistant Store Managers are engaged in a type of work that requires no exercise of independent judgment or discretion as to any matter of significance.  Therefore, the PLAINTIFFS and all the other Assistant Store Managers are "managers" in name only because they do not have managerial duties or authority and should therefore be properly classified as non-exempt employees entitled to overtime pay.

11.     PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all persons who are or previously were employed by DEFENDANTS as an Assistant Store Manager in a California retail store and were classified as exempt from overtime wages (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

12.     As defined by SEARS' comprehensive corporate policies and procedures, the finite set of tasks that the PLAINTIFFS and other CALIFORNIA CLASS Members engage in are non-managerial, non-exempt customer service related tasks all in accordance with SEARS' company policies.  These standardized procedures mirror the realities of the workplace evidencing a uniformity of work among the PLAINTIFFS and other CALIFORNIA CLASS

---

FIRST AMENDED CLASS ACTION COMPLAINT
-4-
Case No.: 37-2014-00000431-CU-OE-CTL

1  Members and negate any exercise of independent judgment and discretion as to any matter of
2  significance.

3      13.    The work schedule for the PLAINTIFFS and other CALIFORNIA CLASS
4  Members is set by SEARS.  Generally, the PLAINTIFFS and other CALIFORNIA CLASS
5  Members work in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and
6  also more than twelve (12) hours in a workday.

7      14.    PLAINTIFFS and the other CALIFORNIA CLASS Members are not provided
8  with overtime compensation and meal periods as required by law as a result of being classified
9  as "exempt" by SEARS.

10     15.    As a matter of company policy, practice, and procedure, SEARS uniformly,
11 unlawfully, unfairly and/or deceptively classifies every Assistant Store Manager as exempt from
12 overtime pay and other related benefits, fail to pay the required overtime compensation and
13 otherwise fail to comply with all applicable labor laws with respect to these Assistant Store
14 Managers.

15     16.    The true names and capacities, whether individual, corporate, subsidiary,
16 partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are presently
17 unknown to the PLAINTIFFS who therefore sue these Defendants by such fictitious names
18 pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFFS will seek leave to amend this
19 Complaint to allege the true names and capacities of DOES 1 through 50, inclusive, when they
20 are ascertained. PLAINTIFFS are informed and believe, and based upon that information and
21 belief allege, that the Defendants named in this Complaint, including DOES 1 through 50,
22 inclusive, are responsible in some manner for one or more of the events and happenings that
23 proximately caused the injuries and damages hereinafter alleged.

24     17.    The agents, servants and/or employees of the Defendants and each of them acting
25 on behalf of the Defendants acted within the course and scope of his, her or its authority as the
26 agent, servant and/or employee of the Defendants, and personally participated in the conduct
27 alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
28 Consequently, the acts of each Defendants are legally attributable to the other Defendants and

1   all Defendants are jointly and severally liable to the PLAINTIFFS and the other members of the
2   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
3   Defendants' agents, servants and/or employees.

4

5                                    **THE CONDUCT**

6        18.    The finite set of tasks required of the Assistant Store Managers as defined by
7   DEFENDANTS are executed by the Assistant Store Managers through the performance of non-
8   exempt labor within a defined manual skill set.

9        19.    There are multiple Assistant Store Managers working during any given shift at
10  DEFENDANTS' full-line retail stores.  At these full-line retail stores, DEFENDANTS also
11  employ sale or retail associates that DEFENDANTS classify as non-exempt employees and pay
12  overtime compensation for overtime hours worked.  The Assistant Store Managers employed
13  by DEFENDANTS have only some additional minor responsibilities in comparison to the retail
14  associates employed by DEFENDANTS that are paid on an hourly basis and eligible to earn
15  overtime pay for their overtime hours worked.  The minor work responsibilities Assistant Store
16  Managers perform in addition to the work performed by other non-exempt retail associates who
17  are eligible for overtime compensation, is scheduling shifts for retail associates and are
18  performed in strict accordance with DEFENDANTS' company policies and procedures.
19  Assistant Store Managers spend a very small amount of their working time engaging in these
20  tasks, but rather spend the vast majority of their time performing the non-exempt, non-
21  managerial, customer service related finite set of tasks that focus on performing the same day-
22  to-day activities of DEFENDANTS' non-exempt employees.

23       20.    Although the PLAINTIFFS and the other Assistant Store Managers spend the vast
24  majority of their time performing these non-exempt tasks, DEFENDANTS instituted a blanket
25  classification policy, practice and procedure by which all of these Assistant Store Managers are
26  classified as exempt from overtime compensation.  By reason of this uniform exemption
27  practice, policy and procedure applicable to the PLAINTIFFS and the other Assistant Store
28  Managers who perform these non-exempt tasks, DEFENDANTS committed acts of unfair

---

FIRST AMENDED CLASS ACTION COMPLAINT
-6-
Case No.: 37-2014-00000431-CU-OE-CTL

1   competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§
2   17200, *et seq.* (the "UCL"), by engaging in a uniform company-wide policy, practice and
3   procedure which fails to properly classify the PLAINTIFFS and the other Assistant Store
4   Managers and thereby fails to pay them overtime wages for documented overtime hours
5   worked. The proper classification of these employees is DEFENDANTS' burden. As a result
6   of DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS
7   fail to pay all required overtime compensation for work performed by the members of the
8   CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated
9   thereunder as herein alleged. In addition, DEFENDANTS fail to provide all the legally required
10  off-duty meal and rest breaks to the PLAINTIFFS and the other CALIFORNIA CLASS
11  Members as required by the applicable Wage Order and Labor Code. DEFENDANTS do not
12  have a policy or practice which provides meal and rest breaks to the PLAINTIFFS and the other
13  CALIFORNIA CLASS Members.   As a result, DEFENDANT's failure to provide the
14  PLAINTIFFS and the CALIFORNIA CLASS Members with legally required meal and rest
15  breaks is evidenced by DEFENDANT's business records which contain no record of these
16  breaks.

17      21.   DEFENDANTS, as a matter of law, have the burden of proving that (a) employees
18  are properly classified as exempt and that (b) DEFENDANTS otherwise comply with applicable
19  laws.

20      22.   During their employment with DEFENDANTS, the PLAINTIFFS and the other
21  CALIFORNIA CLASS Members, perform non-managerial, non-exempt tasks, but are
22  nevertheless classified by DEFENDANTS as exempt from overtime pay and worked more than
23  eight (8) hours in a workday, forty (40) hours in a workweek, and/or in excess of twelve (12)
24  hours in a workday.

25      23.   PLAINTIFFS and the other Assistant Store Managers employed by
26  DEFENDANTS are not engaged in work of a type that was or now is directly related to the
27  management or general business operations of the DEFENDANTS' customers, when giving
28  these words a fair but narrow construction.  PLAINTIFFS and the other Assistant Store

---

FIRST AMENDED CLASS ACTION COMPLAINT
-7-
Case No.: 37-2014-00000431-CU-OE-CTL

1    Managers employed by DEFENDANTS are also not engaged in work of a type that was or now
2    is performed at the level of the policy or management of DEFENDANTS. PLAINTIFFS and
3    the other Assistant Store Managers employed by DEFENDANTS are also not engaged in work
4    requiring knowledge of an advanced type in a field or science or learning customarily acquired
5    by a prolonged course of specialized intellectual instruction and study, but rather their work
6    involved the performance of routine mental, clerical, and/or physical processes. PLAINTIFFS
7    and the other Assistant Store Managers employed by DEFENDANTS are also not engaged in
8    work that is intellectual and varied in character, but rather is routine mental, clerical, and/or
9    physical work that was of such character that the output produced or the result accomplished
10   can be standardized in relation to a given period of time. The work of an Assistant Store
11   Manager of DEFENDANTS is work wherein the PLAINTIFFS and the members of the
12   CALIFORNIA CLASS are engaged in the day-to-day business of DEFENDANTS. The
13   Assistant Store Managers engage in the finite set of tasks of working the retail register, greeting
14   customers, handling customer requests and customer service complaints, taking inventory,
15   receiving product shipments, setting up and maintaining product displays, filling out monthly
16   task schedule worksheets in accordance with DEFENDANTS' company policies, and also
17   performing extensive work before and after DEFENDANTS' normal business hours in order
18   to prepare promotional displays and sales racks in conformity with DEFENDANTS' corporate
19   standards and procedures.

20       24.    In performing these tasks, PLAINTIFFS and other CALIFORNIA CLASS
21   Members follow procedures established by DEFENDANTS. The PLAINTIFFS and other
22   CALIFORNIA CLASS Members do not set policies or establish procedures for DEFENDANTS
23   and are expected to use their experience, knowledge, skill and training to operate within the
24   policy guidelines that are provided to them by DEFENDANTS. As a result, the PLAINTIFFS
25   and the other Assistant Store Managers employed by DEFENDANTS are engaged in work that
26   falls on the non-exempt administrative and production side of the administrative/production
27   worker dichotomy and should be properly classified as non-exempt employees.

28       25.    Assistant Store Managers are classified as exempt from California overtime and

---

FIRST AMENDED CLASS ACTION COMPLAINT
-8-
Case No.: 37-2014-00000431-CU-OE-CTL

1   related laws by DEFENDANTS, however, these employees do not have managerial duties or

2   authority and are therefore managers in name only.  Assistant Store Managers in performing

3   these ongoing day-to-day, non-exempt and non-managerial tasks have only a minimal role in

4   supervising employees and have no authority to make employment-related decisions relating

5   to DEFENDANTS' employees.   Furthermore, the Assistant Store Managers are tightly

6   controlled by company policy and by their supervisors, do not exercise discretion or

7   independent judgment as to matters of significance, and their tasks are not directly related to

8   DEFENDANTS' management policies or general business operation.

9        26.    PLAINTIFFS and all members of the CALIFORNIA CLASS are uniformly

10   classified and treated by DEFENDANTS as exempt at the time of hire and thereafter,

11   DEFENDANTS fail to take the proper steps to determine whether the PLAINTIFFS, and the

12   members of the CALIFORNIA CLASS, were properly classified under the applicable Industrial

13   Welfare Commission Wage Order (Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as

14   exempt from applicable California labor laws. Since DEFENDANTS affirmatively and wilfully

15   misclassified the PLAINTIFFS and the members of the CALIFORNIA CLASS in compliance

16   with California labor laws, DEFENDANTS' practices violated and continue to violate

17   California law. In addition, DEFENDANTS act deceptively by falsely and fraudulently telling

18   the PLAINTIFFS and each member of the CALIFORNIA CLASS that they are exempt from

19   overtime pay when DEFENDANTS knew or should have known that this statement is false and

20   not based on known facts. DEFENDANTS also act unfairly by violating the California labor

21   laws, and as a result of this policy and practice, DEFENDANTS also violate the UCL. In doing

22   so, DEFENDANTS cheat the competition by paying the CALIFORNIA CLASS less than the

23   amount competitors paid who comply with the law and cheat the CALIFORNIA CLASS by not

24   paying them in accordance with California law.

25        27.    DEFENDANTS also failed to provide and still fail to provide the PLAINTIFFS

26   and the other CALIFORNIA CLASS Members with a wage statement in writing that accurately

27   sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the

28   corresponding number of hours worked at each hourly rate by the PLAINTIFFS and the other

1  CALIFORNIA CLASS Members. This conduct violated California Labor Code § 226. The pay
2  stub also does not accurately display anywhere the PLAINTIFFS' and the other CALIFORNIA
3  CLASS Members' overtime hours and applicable rates of overtime pay for the pay period.

4      28.    By reason of this uniform conduct applicable to the PLAINTIFFS and all the
5  CALIFORNIA CLASS Members, DEFENDANTS committed acts of unfair competition in
6  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*
7  (the "UCL"), by engaging in a company-wide policy and procedure which fails to correctly
8  classify the PLAINTIFFS and the CALIFORNIA CLASS of Assistant Store Managers as non-
9  exempt. The proper classification of these employees is DEFENDANTS' burden. As a result
10  of DEFENDANTS' intentional disregard of the obligation to meet this burden, DEFENDANTS
11  fail to properly calculate and/or pay all required overtime compensation for work performed by
12  the members of the CALIFORNIA CLASS and violated the applicable Wage Order, the
13  California Labor Code and the regulations promulgated thereunder as herein alleged.

14      29.    Plaintiff Jennifer Lucero works as an Assistant Store Manager for DEFENDANTS
15  and has been classified as exempt from overtime pay since February of 2012. Plaintiff Lucero's
16  tasks are non-managerial, customer service related non-exempt tasks, such as, working the retail
17  register, greeting customers, handling customer requests and customer service complaints,
18  taking inventory, receiving product shipments, setting up and maintaining product displays, and
19  filling out monthly task schedule worksheets in accordance with DEFENDANTS' company
20  policies. During the CALIFORNIA CLASS PERIOD, Plaintiff Lucero has been permitted no
21  discretion in performing her tasks because DEFENDANTS' other managers control every
22  aspect of the store's day-to-day operations leaving Plaintiff Lucero no choice in how to perform
23  these non-exempt tasks, such as running the cash register and maintaining product displays. In
24  addition, DEFENDANTS fail to provide all the legally required off-duty meal and rest breaks
25  to Plaintiff Lucero. DEFENDANTS do not have a policy or practice which provides meal and
26  rest breaks to Plaintiff Lucero. As a result, DEFENDANTS' failure to provide Plaintiff Lucero
27  with legally required meal and rest breaks is evidenced by DEFENDANTS' business records
28  which contain no record of these breaks. During the CALIFORNIA CLASS PERIOD, Plaintiff

---

FIRST AMENDED CLASS ACTION COMPLAINT
-10-
Case No.: 37-2014-00000431-CU-OE-CTL



1  Lucero is regularly required to work in excess of eight (8) hours in a workday, forty (40) hours

2  in a workweek, and also in excess of twelve (12) hours in a workday, but as a result of

3  DEFENDANTS' misclassification of Plaintiff Lucero as exempt from the applicable California

4  Labor Code provisions, Plaintiff Lucero is not compensated by DEFENDANTS for her

5  overtime hours worked at the applicable overtime rate.  In addition, Plaintiff Lucero is not

6  provided with accurate and itemized wage statements showing the gross wages earned, the net

7  wages earned, all applicable hourly rates in effect during the pay period, including overtime

8  hourly rates, and the corresponding number of hours worked at each hourly rate, by

9  DEFENDANTS during the CALIFORNIA CLASS PERIOD in violation of Cal. Lab. Code §

10  226(a). To date, DEFENDANTS have not fully paid Plaintiff Lucero for all her overtime wages

11  still owed to her or any penalty wages owed to her under California Labor Code § 203.

12      30.    Plaintiff  Rafael  Solorzano  works  as  an  Assistant  Store  Manager  for

13  DEFENDANTS and has been classified as exempt from overtime pay since September of 2007.

14  Plaintiff Solorzano's tasks are non-managerial, customer service related non-exempt tasks, such

15  as, working the retail register, greeting customers, handling customer requests and customer

16  service complaints, taking inventory, receiving product shipments, setting up and maintaining

17  product displays, and filling out monthly task schedule worksheets in accordance with

18  DEFENDANTS' company policies.  During the CALIFORNIA CLASS PERIOD, Plaintiff

19  Solorzano has been permitted no discretion in performing his tasks because DEFENDANTS'

20  other managers control every aspect of the store's day-to-day operations leaving Plaintiff

21  Solorzano no choice in how to perform these non-exempt tasks, such as running the cash

22  register and maintaining product displays.  In addition, DEFENDANTS fail to provide all the

23  legally required off-duty meal and rest breaks to Plaintiff Solorzano. DEFENDANTS do not

24  have a policy or practice which provides meal and rest breaks to Plaintiff Solorzano.  As a

25  result, DEFENDANT's failure to provide Plaintiff Solorzano with legally required meal and rest

26  breaks is evidenced by DEFENDANT's business records which contain no record of these

27  breaks. During the CALIFORNIA CLASS PERIOD, Plaintiff Solorzano is regularly required

28  to work in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and also in



1  excess of twelve (12) hours in a workday, but as a result of DEFENDANTS' misclassification
2  of Plaintiff Solorzano as exempt from the applicable California Labor Code provisions, Plaintiff
3  Solorzano is not compensated by DEFENDANTS for his overtime hours worked at the
4  applicable overtime rate.  In addition, Plaintiff Solorzano is not provided with accurate and
5  itemized wage statements showing the gross wages earned, the net wages earned, all applicable
6  hourly rates in effect during the pay period, including overtime hourly rates, and the
7  corresponding number of hours worked at each hourly rate, by DEFENDANTS during the
8  CALIFORNIA CLASS PERIOD in violation of Cal. Lab. Code § 226(a).
9
10            **THE CALIFORNIA CLASS**
11            31.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive
12  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class
13  Action, pursuant to California Code of Civil Procedure Section 382, on behalf of a California
14  Class, defined as  all persons who are or previously were employed by DEFENDANTS as an
15  Assistant Store Manager in a California retail store and were classified as exempt from overtime
16  wages (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years
17  prior to the filing of this Complaint and ending on the date as determined by the Court (the
18  "CALIFORNIA CLASS PERIOD").
19            32.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
20  CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD should be adjusted
21  accordingly.
22            33.    DEFENDANTS, as a matter of corporate policy, practice and procedure, and in
23  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
24  Requirements, and the applicable provisions of California law, intentionally, knowingly, and
25  wilfully, engage in a practice whereby DEFENDANTS unfairly, unlawfully, and deceptively
26  instituted a practice to ensure that the employees employed in an Assistant Store Manager
27  position are not properly classified as non-exempt from the requirements of California Labor
28  Code §§ 510, *et seq.*

---



34.     DEFENDANTS have the burden of proof to make sure that each and every employee is properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq.* DEFENDANTS, however, as a matter of uniform and systematic policy and procedure had in place during the CALIFORNIA CLASS PERIOD and still have in place a policy and practice that misclassifies the CALIFORNIA CLASS Members as exempt. DEFENDANTS' uniform policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each and every CALIFORNIA CLASS Member as exempt from the requirements of the California Labor Code §§ 510, *et seq.* This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

35.     At no time before, during the PLAINTIFFS' employment with DEFENDANTS was any Assistant Store Manager reclassified as non-exempt from the applicable requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA CLASS Member was initially, uniformly, and systematically classified as exempt upon being hired.

36.     Any individual declarations of any employees offered at this time purporting to indicate that one or more Assistant Store Managers may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANTS' uniform system did not misclassify the PLAINTIFFS and the other CALIFORNIA CLASS Members as exempt pursuant to Cal. Lab. Code §§ 510, *et seq.* absent proof of such a contemporaneous system, DEFENDANTS' business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations, the PLAINTIFFS and the CALIFORNIA CLASS Members are entitled to compel DEFENDANTS to provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFFS and the CALIFORNIA CLASS Members according to proof.

37.     The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

FIRST AMENDED CLASS ACTION COMPLAINT
-13-
Case No.: 37-2014-00000431-CU-OE-CTL

Exhibit A
Page 31



1    CLASS Members is impracticable.

2         38.    DEFENDANTS uniformly violated the rights of the CALIFORNIA CLASS under

3    California law by:

4         (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

5                §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

6                having in place company policies, practices and procedures that uniformly

7                misclassified the PLAINTIFFS and the members of the CALIFORNIA

8                CLASS as exempt;

9         (b)    Committing an act of unfair competition in violation of the UCL, by

10               unlawfully, unfairly, and/or deceptively failing to have in place a company

11               policy, practice and procedure that accurately determined the amount of

12               working time spent by the PLAINTIFFS and the members of the

13               CALIFORNIA CLASS performing non-exempt labor;

14        (c)    Committing an act of unfair competition in violation of the UCL, by

15               having in place a company policy, practice and procedure that failed to

16               reclassify as non-exempt those members of the CALIFORNIA CLASS

17               whose actual tasks were comprised of non-exempt job functions;

18        (d)    Committing an act of unfair competition in violation of the UCL, by

19               violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct

20               overtime pay to the PLAINTIFFS and the members of the CALIFORNIA

21               CLASS who were improperly classified as exempt, and retaining the

22               unpaid overtime to the benefit of DEFENDANTS; and,

23        (e)    Committing an act of unfair competition in violation of the UCL, by

24               failing to provide mandatory meal and/or rest breaks to the PLAINTIFFS

25               and the CALIFORNIA CLASS members.

26        39.    This Class Action meets the statutory prerequisites for the maintenance of a Class

27   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

28        (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

---



that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, were initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANTS' systematic procedure that failed to properly classify as non-exempt the PLAINTIFFS and the members of the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANTS' employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANTS by deceptively advising all Assistant Store Managers that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

40.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANTS uniformly classified and treated the Assistant Store Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Assistant Store Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFFS seek declaratory relief holding that DEFENDANTS' policies and practices constitute unfair competition, along with incidental

1   equitable relief as may be necessary to remedy the conduct

2   declared to constitute unfair competition;

(c)   3   Common questions of law and fact exist as to the members of the

4   CALIFORNIA CLASS, with respect to the practices and violations of

5   California law as listed above, and predominate over any question

6   affecting only individual CALIFORNIA CLASS Members, and a Class

7   Action is superior to other available methods for the fair and efficient

8   adjudication of the controversy, including consideration of:

1)   9   The interests of the members of the CALIFORNIA CLASS in

10   individually controlling the prosecution or defense of separate

11   actions in that the substantial expense of individual actions will be

12   avoided to recover the relatively small amount of economic losses

13   sustained by the individual CALIFORNIA CLASS Members when

14   compared to the substantial expense and burden of individual

15   prosecution of this litigation;

2)   16   Class certification will obviate the need for unduly duplicative

17   litigation that would create the risk of:

A.   18   Inconsistent or varying adjudications with respect to

19   individual members of the CALIFORNIA CLASS, which

20   would establish incompatible standards of conduct for

21   DEFENDANTS; and/or,

B.   22   Adjudications with respect to individual members of the

23   CALIFORNIA CLASS would as a practical matter be

24   dispositive of the interests of the other members not parties

25   to the adjudication or substantially impair or impede their

26   ability to protect their interests;

3)   27   In the context of wage litigation because as a practical matter a

28   substantial number of individual CALIFORNIA CLASS Members

FIRST AMENDED CLASS ACTION COMPLAINT
-17-
Case No.: 37-2014-00000431-CU-OE-CTL

will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

41. This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because DEFENDANTS' employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is

1    maintained as a Class Action;

2    (e)    There is a community of interest in obtaining appropriate legal and

3           equitable relief for the acts of unfair competition, statutory violations and

4           other improprieties, and in obtaining adequate compensation for the

5           injuries which DEFENDANTS' actions have inflicted upon the

6           CALIFORNIA CLASS;

7    (f)    There is a community of interest in ensuring that the combined assets of

8           DEFENDANTS are sufficient to adequately compensate the members of

9           the CALIFORNIA CLASS for the injuries sustained;

10   (g)    DEFENDANTS have acted or refused to act on grounds generally

11          applicable to the CALIFORNIA CLASS, thereby making final class-wide

12          relief appropriate with respect to the CALIFORNIA CLASS as a whole;

13   (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

14          the business records of DEFENDANTS.  The CALIFORNIA CLASS

15          consists of all DEFENDANTS' Assistant Store Managers who were

16          classified as exempt and who were employed in California during the

17          CALIFORNIA CLASS PERIOD; and,

18   (i)    Class treatment provides manageable judicial treatment calculated to bring

19          an efficient and rapid conclusion to all litigation of all wage and hour

20          related claims arising out of the conduct of DEFENDANTS as to the

21          members of the CALIFORNIA CLASS.

22       42.    DEFENDANTS maintain records from which the Court can ascertain and identify

23   by name and job title, each of DEFENDANTS' employees who have been systematically,

24   intentionally and uniformly subjected to DEFENDANTS' corporate policies, practices and

25   procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include

26   any additional job titles of similarly situated employees when they have been identified.

27

28                      **THE CALIFORNIA LABOR SUB-CLASS**

---

FIRST AMENDED CLASS ACTION COMPLAINT
-19-
Case No.: 37-2014-00000431-CU-OE-CTL

43.     PLAINTIFFS further bring the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who were employed by DEFENDANTS in a California retail store (the "CALIFORNIA LABOR SUB-CLASS") during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to California Code of Civil Procedure § 382.

44.     DEFENDANTS, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified the PLAINTIFFS and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANTS' comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANTS, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

45.     DEFENDANTS maintain records from which the Court can ascertain and identify by job title each of DEFENDANTS' employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate policies, practices and procedures.  PLAINTIFFS will seek leave to amend the Complaint to include these additional job titles when they have been identified.

46.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

47.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANTS unlawfully fail to pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of

the California Labor Code and California regulations and the applicable
California Wage Order;

(b)   Whether the members of the CALIFORNIA LABOR SUB-CLASS are
non-exempt employees entitled to overtime compensation for overtime
hours worked under the overtime pay requirements of California law;

(c)   Whether DEFENDANTS' policy and practice of classifying the
CALIFORNIA LABOR SUB-CLASS Members as exempt from overtime
compensation and failing to pay the CALIFORNIA LABOR SUB-CLASS
Members overtime violate applicable provisions of California law;

(d)   Whether DEFENDANTS unlawfully failed to keep and furnish
CALIFORNIA LABOR SUB-CLASS Members with accurate records of
overtime hours worked;

(e)   Whether DEFENDANTS' policy and practice of failing to pay members
of the CALIFORNIA LABOR SUB-CLASS all wages when due within
the time required by law after their employment ended violates California
law; and,

(f)   The proper measure of damages and penalties owed to the members of the
CALIFORNIA LABOR SUB-CLASS.

48.   DEFENDANTS, as a matter of corporate policy, practice and procedure, erroneously classified all Assistant Store Managers as exempt from overtime wages and other labor laws. All Assistant Store Managers, including the PLAINTIFFS, perform the same finite set of tasks as alleged herein and are paid by DEFENDANTS according to uniform and systematic company procedures, which, as alleged herein above, fails to correctly pay overtime compensation. This business practice is uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

49.   DEFENDANTS violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing to pay the PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours, a workweek longer than forty (40) hours, and/or for a workday longer than twelve (12) hours for which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194;

(b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS who were improperly classified as exempt with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

50.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, are improperly classified as exempt and denied overtime pay as a result of DEFENDANTS' systematic classification practices. PLAINTIFFS and all the other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANTS' violations of the laws of California; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.   There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

51.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANTS uniformly classified and treated the Assistant Store Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Assistant Store Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANTS; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Cal. Code of Civ. Proc. § 382.

52.   This Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)   PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANTS' actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANTS are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANTS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANTS.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who were employed by DEFENDANTS in California during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring

a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS.

## JURISDICTION AND VENUE

53.    This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc § 410.10 and Cal. Business & Professions Code § 17203. This action is brought as a Class Action on behalf of similarly situated employees of DEFENDANTS pursuant to Cal. Code of Civ. Proc. § 382.

54.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANTS (i) currently maintain and at all relevant times maintained offices and facilities in this County and/or conduct substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION
### For Unlawful Business Practices
[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]
**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

55.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 54 of this Complaint.

56.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

57.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair

1     competition may be enjoined in any court of competent jurisdiction. The court
2     may make such orders or judgments, including the appointment of a receiver,
    as may be necessary to prevent the use or employment by any person of any
3     practice which constitutes unfair competition, as defined in this chapter, or as
    may be necessary to restore to any person in interest any money or property, real
4     or personal, which may have been acquired by means of such unfair
    competition.

5 California Business & Professions Code § 17203.

6     58.    By the conduct alleged herein, DEFENDANTS have engaged and continue to

7 engage in a business practice which violates California law, including but not limited to, the

8 applicable Wage Order(s), the California Code of Regulations, and the California Labor Code

9 Sections 226.7, 510, 512, 1194 & 1198, and for which this Court should issue declaratory and

10 other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to

11 prevent and remedy the conduct held to constitute unfair competition, including restitution of

12 wages wrongfully withheld.

13     59.    By the conduct alleged herein, DEFENDANTS' practices are unlawful and unfair

14 in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous

15 or substantially injurious to employees, and are without valid justification or utility for which

16 this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

17 California Business & Professions Code, including restitution of wages wrongfully withheld.

18     60.    By the conduct alleged herein, DEFENDANTS' practices are deceptive and

19 fraudulent in that DEFENDANTS' uniform policy and practice is to represent to PLAINTIFFS

20 and other CALIFORNIA CLASS Members that they are exempt from overtime pay when in

21 fact these representations are false and likely to deceive, for which this Court should issue

22 injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution

23 of wages wrongfully withheld.

24     61.    By the conduct alleged herein, DEFENDANTS' practices are also unlawful,

25 unfair and deceptive in that DEFENDANTS' employment practices cause the PLAINTIFFS and

26 the other members of the CALIFORNIA CLASS to be underpaid during their employment with

27 DEFENDANTS.

28     62.    By the conduct alleged herein, DEFENDANTS' practices are also unfair and

---

1   deceptive in that DEFENDANTS' uniform policies, practices and procedures fail to provide

2   mandatory meal and/or rest breaks to the PLAINTIFFS and the CALIFORNIA CLASS

3   members.

4      63.   Therefore, the PLAINTIFFS demand on behalf of themselves and on behalf of

5   each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-

6   duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour

7   of pay for each workday in which a second off-duty meal period was not timely provided for

8   each ten (10) hours of work.

9      64.   PLAINTIFFS further demand on behalf of themselves and on behalf of each

10  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

11  was not timely provided as required by law.

12     65.   By and through the unlawful and unfair business practices described herein,

13  DEFENDANTS have obtained valuable property, money and services from the PLAINTIFFS

14  and the other members of the CALIFORNIA CLASS and have deprived them of valuable rights

15  and benefits guaranteed by law and contract, all to the detriment of these employees and to the

16  benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete against

17  competitors who comply with the law.

18     66.   All the acts described herein as violations of, among other things, the California

19  Labor Code, California Code of Regulations, the Industrial Welfare Commission Wage Orders,

20  are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and

21  unscrupulous, and are likely to deceive employees, as herein alleged, and thereby constitute

22  deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§

23  17200, et seq.

24     67.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

25  to, and do, seek such relief as may be necessary to restore to them the money and property

26  which DEFENDANTS have acquired, or of which the PLAINTIFFS and the other members of

27  the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

28  unfair business practices, including earned but unpaid overtime wages for all overtime hours

---

FIRST AMENDED CLASS ACTION COMPLAINT
-29-
Case No.: 37-2014-00000431-CU-OE-CTL

Exhibit A
Page 47

1    worked.

2        68.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

3    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

4    and deceptive, and that injunctive relief should be issued restraining DEFENDANTS from

5    engaging in any unlawful and unfair business practices in the future.

6        69.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

7    speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

8    of DEFENDANTS. Further, the practices herein alleged presently continue to occur unabated.

9    As a result of the unlawful and unfair business practices described herein, the PLAINTIFFS and

10   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

11   irreparable legal and economic harm unless DEFENDANTS are restrained from continuing to

12   engage in these unlawful and unfair business practices.

13

14   **SECOND CAUSE OF ACTION**

15   **For Failure To Pay Overtime Compensation**

16   **[Cal. Lab. Code §§ 510, 1194 and 1198]**

17   **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

18   **Defendants)**

19       70.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR

20   SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

21   paragraphs 1 through 69 of this Complaint.

22       71.    Cal. Lab. Code § 510 states in relevant part:

23   Eight hours of labor constitutes a day's work. Any work in excess of eight hours
     in one workday and any work in excess of 40 hours in any one workweek and the
24   first eight hours worked on the seventh day of work in any one workweek shall
     be compensated at the rate of no less than one and one-half times the regular rate
25   of pay for an employee. Any work in excess of 12 hours in one day shall be
     compensated at the rate of no less than twice the regular rate of pay for an
26   employee. In addition, any work in excess of eight hours on any seventh day of
     a workweek shall be compensated at the rate of no less than twice the regular rate
27   of pay of an employee.

28       72.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation

1    of labor is entitled to one day's rest therefrom in seven."

2        73.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

3    employees to work more than six days in seven."

4        74.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the

5    overtime rate of compensation required to be paid to a nonexempt full-time salaried employee,

6    the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

7        75.    Cal. Lab. Code § 1194 states:

8        Notwithstanding any agreement to work for a lesser wage, any employee
         receiving less than the legal minimum wage or the legal overtime compensation
9        applicable to the employee is entitled to recover in a civil action the unpaid
         balance of the full amount of this minimum wage or overtime compensation,
10       including interest thereon, reasonable attorney's fees, and costs of suit.

11       76.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard

12   conditions of labor fixed by the commission shall be the maximum hours of work and the

13   standard conditions of labor for employees. The employment of any employee for longer hours

14   than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

15       77.    DEFENDANTS have intentionally and uniformly designated certain employees

16   as "exempt" employees, by their job title alone and without regard to DEFENDANTS' realistic

17   expectations and actual overall requirements of the job, including the PLAINTIFFS and the

18   other members of the CALIFORNIA LABOR SUB-CLASS who work on the production and

19   non-managerial side of DEFENDANTS' business.  This is done in an illegal attempt to avoid

20   payment of overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial

21   Welfare Commission requirements.

22       78.    For an employee to be exempt as a bona fide "executive," all the following criteria

23   must be met and DEFENDANTS have the burden of proving that:

24       (a)    The employee's primary duty must be management of the enterprise, or of a

25              customarily recognized department or subdivision; and,

26       (b)    The employee must customarily and regularly direct the work of at least two (2)

27              or more other employees; and,

28       (c)    The employee must have the authority to hire and fire, or to command

---

FIRST AMENDED CLASS ACTION COMPLAINT
-31-
Case No.: 37-2014-00000431-CU-OE-CTL

Exhibit A
Page 49

1    particularly serious attention to his or her recommendations on such actions

2    affecting other employees; and,

3    (d)    The employee must customarily and regularly exercise discretion and

4    independent judgment; and,

5    (e)    The employee must be primarily engaged in duties which meet the test of

6    exemption.

7    No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they

8    all fail to meet the requirements of being an "executive" within the meaning of the applicable

9    Wage Order.

10    79.    For an employee to be exempt as a bona fide "administrator," all of the following

11    criteria must be met and DEFENDANTS have the burden of proving that:

12    (a)    The employee must perform office or non-manual work directly related to

13    management policies or general business operation of the employer; and,

14    (b)    The employee must customarily and regularly exercise discretion and

15    independent judgment; and,

16    (c)    The employee must regularly and directly assist a proprietor or an exempt

17    administrator; or,

18    (d)    The employee must perform, under only general supervision, work requiring

19    special training, experience, or knowledge; or,

20    (e)    The employee must execute special assignments and tasks under only general

21    supervision; and,

22    (f)    The employee must be primarily engaged in duties which meet the test of

23    exemption.

24    No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

25    they all fail to meet the requirements for being an "administrator" under the applicable Wage

26    Order.

27    80.    The Industrial Welfare Commission, in Wage Order 4-2001, at section

28    (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied

FIRST AMENDED CLASS ACTION COMPLAINT
-32-
Case No.: 37-2014-00000431-CU-OE-CTL

Exhibit A
Page 50

1    with to place an employee in the "professional" exempt category.  For an employee to be

2    exempt as a bona fide "professional," all the following criteria must be met and DEFENDANTS

3    have the burden of proving that:

4       (a)    The employee is primarily engaged in an occupation commonly recognized as a

5              learned or artistic profession.  For the purposes of this subsection, "learned or

6              artistic profession" means an employee who is primarily engaged in the

7              performance of:

8              1)    Work requiring knowledge of an advanced type in a field or science or

9                    learning customarily acquired by a prolonged course of specialized

10                   intellectual instruction and study, as distinguished from a general

11                   academic education and from an apprenticeship, and from training in the

12                   performance of routine mental, manual, or physical processes, or work that

13                   is an essential part or necessarily incident to any of the above work; or,

14             2)    Work that is original and creative in character in a recognized field of

15                   artistic endeavor, and the result of which depends primarily on the

16                   invention, imagination or talent of the employee or work that is an

17                   essential part of or incident to any of the above work; and,

18             3)    Whose work is predominately intellectual and varied in character (as

19                   opposed to routine mental, manual, mechanical, or physical work) and is

20                   of such character cannot be standardized in relation to a given period of

21                   time.

22      (b)    The employee must customarily and regularly exercise discretion and

23             independent judgment; and,

24      (c)    The employee earns a monthly salary equivalent to no less than two (2) times the

25             state minimum wage for full-time employment.

26    No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they

27    all fail to meet the requirements of being a "professional" within the meaning of the applicable

28    Wage Order.

81.   PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)   They did not work as executives or administrators; and,

(b)   The professional exemption does not apply to the PLAINTIFFS, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

82.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, work more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or work in excess of twelve (12) hours in a workday.

83.   At all relevant times, DEFENDANTS fail to pay the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, are regularly required to work, and do in fact work, overtime hours.

84.   By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

85.   DEFENDANTS knew or should have known that the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

86.     Therefore, the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment, these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.  Further, the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and recover statutory costs.

87.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of the PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

88.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 87 of this Complaint.

89.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.     At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS fail to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

91.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to the PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS.   These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, the

1  PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect

2  to recover liquidated damages of $50.00 for the initial pay period in which the violation

3  occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code §

4  226, in an amount according to proof at the time of trial (but in no event more than $4,000.00

5  for the PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS

6  herein).

7

8  ## FOURTH CAUSE OF ACTION

9  ### For Failure to Pay Wages When Due

10  **[ Cal. Lab. Code §§ 201, 202, 203]**

11  **(By Plaintiff Lucero and the CALIFORNIA LABOR SUB-CLASS and Against All**

12  **Defendants)**

13  92.    Plaintiff Lucero, and the other members of the CALIFORNIA LABOR SUB-

14  CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

15  through 91 of this Complaint.

16  93.    Cal. Lab. Code § 200 provides, in relevant part, that:

17  As used in this article:
18  (a) "Wages" includes all amounts for labor performed by employees
    of every description, whether the amount is fixed or ascertained by the
    standard of time, task, piece, Commission basis, or other method of
19  calculation.
    (b) "Labor" includes labor, work, or service whether rendered or
20  performed under contract, subcontract, partnership, station plan, or
    other agreement if the labor to be paid for is performed personally by
21  the person demanding payment.

22  94.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer

23  discharges an employee, the wages earned and unpaid at the time of discharge are due and

24  payable immediately."

25  95.    Cal. Lab. Code § 202 provides, in relevant part, that:

26  If an employee not having a written contract for a definite period quits
    his or her employment, his or her wages shall become due and payable
27  not later than 72 hours thereafter, unless the employee has given 72
    hours previous notice of his or her intention to quit, in which case the
28  employee is entitled to his or her wages at the time of quitting.

> Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

96. There was no definite term in Plaintiff Lucero's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

97. Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

98. The employment of Plaintiff Lucero and many other CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANTS have not tendered payment of all wages owed as required by law.

99. Therefore, as provided by Cal. Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, Plaintiff Lucero demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, *et seq.*]

### (By PLAINTIFFS and Against All Defendants)

100. PLAINTIFFS incorporate by reference the allegations set forth in paragraphs 1-99, supra, as though fully set forth at this point.

101. PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

1  state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

2  fundamentally a law enforcement action designed to protect the public and not to benefit private

3  parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

4  means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

5  enacting PAGA, the California Legislature specified that "it was ... in the public interest to

6  allow aggrieved employees, acting as private attorneys general to recover civil penalties for

7  Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

8  subject to arbitration.

9      102.   PLAINTIFFS bring this Representative Action on behalf of the State of California

10  with respect to themselves and all other individuals who are or previously were employed by

11  DEFENDANT as an Assistant Store Manager in a California retail store and were classified as

12  exempt from overtime wages during the period of January 29, 2013 until the present (the

13  "AGGRIEVED EMPLOYEES").

14      103.   On March 21, 2014, PLAINTIFFS gave written notice by certified mail to the

15  Labor and  Workforce Development Agency (the "Agency") and the employer of the specific

16  provisions of this code alleged to have been violated as required by Labor Code § 2699.3. *See*

17  Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory waiting

18  period for PLAINTIFFS to add these allegations to the Complaint has expired. As a result,

19  pursuant to Section 2699.3, PLAINTIFFS may now commence a representative civil action

20  under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all

21  AGGRIEVED EMPLOYEES as herein defined.

22      104.   The policies, acts and practices heretofore described were and are an unlawful

23  business act or practice because Defendant's (a) failure to properly record and pay PLAINTIFFS

24  and  the other AGGRIEVED EMPLOYEES for all of the hours they worked, including

25  overtime, (b) failure to provide accurate itemized wage statements, and (c) failure to timely pay

26  wages, violates the applicable Labor Code sections listed in Labor Code §2699.5, including but

27  not limited to Labor Code §§ 204, 226(a), 226.7, 510, 512, 1194, 1198 and the applicable

28  Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such

conduct. PLAINTIFFS hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFFS and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to California Code of Civil Procedure § 382;

   B) An order requiring DEFENDANTS to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due to the PLAINTIFFS and the other members of the CALIFORNIA CLASS;

   C) Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANTS' violations due to the PLAINTIFFS and to the other members of the CALIFORNIA CLASS according to proof; and,

   D) An order temporarily, preliminarily, and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

   A) That the Court certify the Second and Third Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to California Code of Civil Procedure § 382;

   B) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and,

D)   The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.   On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

A.   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004.

4.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5.

Dated:   June 2, 2014                    BLUMENTHAL, NORDREHAUG & BHOWMIK


                                        By: _/s/Norman B. Blumenthal_____
                                            Norman B. Blumenthal
                                            Attorneys for Plaintiffs

1

### DEMAND FOR A JURY TRIAL

2        PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated:  June 2, 2014                BLUMENTHAL, NORDREHAUG & BHOWMIK

5

6                                    By: _/s/Norman B. Blumenthal_
7                                         Norman B. Blumenthal
                                          Attorneys for Plaintiffs
8

9

10

11   G:\D\Dropbox\Pending Litigation\Sears - Lucern\p-FAC-01.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT
-42-                    Case No.: 37-2014-00000431-CU-OE-CTL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

FACSIMILE
(858) 551-1232

TELEPHONES
(858) 551-1223

# BLUMENTHAL, NORDREHAUG & BHOWMIK
### 2255 CALLE CLARA
### LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawca.com
Web Site: www.bamlawca.com

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

March 21, 2014
CA909

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
Certified Mail # 70131710000237458346
800 Capitol Mall, Suite 5000 MIC-55
Sacramento, CA 95814

Sears Holdings Management Corporation
Sears, Roebuck and Co.
CT Corporation System
Certified Mail # 70131710000237458353
818 W. Seventh Street
Los Angeles, CA 90017

Re: Notice Of Violations Of California Labor Code Sections §§ 204, 226(a), 226.7, 510, 512, 1194, 1198, Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Jennifer Lucero and Rafael Solorzano (the "Plaintiffs"), and other aggrieved employees in a class action against Sears Holdings Management Corporation and Sears, Roebuck and Co. ("Defendant"). Plaintiffs are currently employed by Defendant in California as Assistant Store Managers and have been at all times relevant classified as salaried employees exempt from receiving overtime wages and other related benefits. Defendant, however, unlawfully fails to record and pay Plaintiffs and other Assistant Store Managers for all of the hours they work, including overtime hours. As a consequence of the aforementioned violations, the Plaintiffs further contend that Defendant fails to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code § 226(a). Said conduct, in addition to the forgoing, violates Labor Code §§ 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of the Applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiffs to proceed with the complaint filed in the San Diego County Superior Court for the State of California, Case No. 37-2014-00000431-CU-OE-CTL, against Defendant as authorized by California Labor Code § 2695, *et seq*. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees and Class Members.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\Sears - Lucero\l-paga-01.wpd

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO: (858) 551-1223       FAX NO: (858) 551-1232
ATTORNEY FOR *(Name):* Lucero and Solorzano, Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS: 330 W. Broadway
  CITY AND ZIP CODE: San Diego 92101
  BRANCH NAME: Central

CASE NAME:
  LUCERO v. SEARS HOLDING MANAGEMENT CORP.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/29/2014** at 02:28:29 PM

Clerk of the Superior Court
By My-Vinh B. Pham, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | 37-2014-00000431-CU-OE-CTL | |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:   Judge Eddie C Sturgeon
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [X] Substantial amount of documentary evidence
  d. [X] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* THREE (3)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2014

Norman Blumenthal
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

Kyle Nordrehaug    (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037

TELEPHONE NO.: (858) 551-1223         FAX NO. *(Optional)*: (858) 551-1232
E-MAIL ADDRESS *(Optional)*: Kyle@bamlawca.com
ATTORNEY FOR *(Name)*: Lucero and Solorzano, Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego  92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: JENNIFER LUCERO, et al.

DEFENDANT/RESPONDENT: SEARS HOLDING MANAGEMENT CORPORATION, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 37-2014-00000431-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: SEARS HOLDINGS MANAGEMENT CORPORATION

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 3, 2014

Kyle Nordrehaug
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify)*:

First Amended Complaint, Civil Cover Sheet, E-Filing Order and Notices, ADR Information and Notice of Case Assignment

*(To be completed by recipient)*:

Date this form is signed: _____

_____         ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara<br>La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223      FAX NO. *(Optional)*: (858) 551-1232<br>E-MAIL ADDRESS *(Optional)*: Kyle@bamlawca.com<br>ATTORNEY FOR *(Name)*: Lucero and Solorzano, Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego  92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: JENNIFER LUCERO, et al.

DEFENDANT/RESPONDENT: SEARS HOLDING MANAGEMENT CORPORATION, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2014-00000431-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: SEARS, ROEBUCK & CO.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 3, 2014

Kyle Nordrehaug
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*:
First Amended Complaint, Civil Cover Sheet, E-Filing Order and Notices, ADR Information and Notice of Case Assignment

*(To be completed by recipient)*:

Date this form is signed: _____

_____        ▶  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
PCS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A
Page 66

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |

| PLAINTIFF(S) / PETITIONER(S):   Jennifer Lucero et.al. |
| --- |

| DEFENDANT(S) / RESPONDENT(S):  Sears Holding Management Corporation et.al. |
| --- |

| LUCERO VS SEARS HOLDING MANAGEMENT CORPORATION [E-FILE] | |
| --- | --- |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2014-00000431-CU-OE-CTL |

## CASE ASSIGNMENT

Judge:  Eddie C Sturgeon                                              Department:  C-67

**COMPLAINT/PETITION FILED:** 01/29/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 07/11/2014 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except; small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)

**NOTICE OF CASE ASSIGNMENT**

# ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure Section 1010.6, and San Diego Superior Court General Order: In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.

**Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.**

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

Revised 11-5-13

Exhibit A
Page 68

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Civil Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – but not including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction Defect cases, currently being electronically filed through File&Serve Xpress (fka Lexis Nexis File&Serve) website, will continue to be electronically filed through that system until further notice.

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory eFiling that are already pending as of March 3, 2013, and provided that the case has been

Revised 11-5-13

imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements.  This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile in a mandatory eFile case; however, they may eFile if they choose to do so and/or are otherwise ordered to eFile by the court.

## REQUIREMENTS FOR ALL eFILERS

eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider").  See www.onelegal.com.

eFilers must comply with CRC 2.250 – 2.261.  Also, all documents electronically filed must be in a pdf format using Adobe Acrobat version 7 or higher that is also a text searchable format, i.e. OCR.  The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Revised 11-5-13

Exhibit A
Page 70

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site.  Documents no so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that include the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20 (b) only the last four digits of a social security or financial account number may be reflected in court case filings.  Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3).  Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction once the Court has ruled on the matter to which the proposed document applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the

Exhibit A
Page 71

transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Standard Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day**.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

## DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

Exhibit A
Page 72

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential document lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)

Revised 11-5-13

Exhibit A
Page 73

- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet – False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant / Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 11-5-13

Exhibit A
Page 74

F I L E D
Clerk of the Superior Court

JAN 03 2013

By: _Amy Helfers_

1
2
3
4
5
6
7

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| IN RE PROCEDURES REGARDING ELECTRONIC FILING | GENERAL ORDER OF THE PRESIDING DEPARTMENT |
|---|---|
| | ORDER NO. 010313 |

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project").  Phase Two of the Program is the implementation of electronic filing by counsel and parties through the court's E-File Service Provider.

Electronic filing under Phase Two of the Program will initially be limited to the Central Civil Division only.  Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program.  This General Order relates to Phase Two, and supplements General Order:  *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit.  Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases.  Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website.  Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///
///
///

Exhibit A
Page 76

1    This Order shall expire on December 31, 2013, unless otherwise ordered by this

2  court.

3    IT IS SO ORDERED.

4  Dated:  January 3, 2013

*Robert Trentacosta*

ROBERT J. TRENTACOSTA
**Presiding Judge**

Exhibit A
Page 77



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2014-00000431-CU-OE-CTL   CASE TITLE: LUCERO vs Sears Holding Management Corporation [E-FILE]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>*and*</u>
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| &bull; Saves time | &bull; May take more time and money if ADR does not resolve the dispute |
| &bull; Saves money | |
| &bull; Gives parties more control over the dispute resolution process and outcome | &bull; Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| &bull; Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A
Page 78

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
-   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
-   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit A
Page 79

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Jennifer Lucero et.al. |
|---|

| DEFENDANT(S): Sears Holding Management Corporation et.al. |
|---|

| SHORT TITLE: LUCERO VS SEARS HOLDING MANAGEMENT CORPORATION [E-FILE] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2014-00000431-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

_____                        _____
Name of Plaintiff                                Name of Defendant

_____                        _____
Signature                                        Signature

_____                        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 01/29/2014                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

Exhibit A
Page 80

# EXHIBIT B

1    JOSEPH C. LIBURT (STATE BAR NO. 155507)
     jliburt@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
3    Menlo Park, California 94025
     Telephone:   (650) 614-7400
4    Facsimile:    (650) 614-7401

5    Attorneys for Defendants
     SEARS HOLDINGS MANAGEMENT
6    CORPORATION AND
     SEARS, ROEBUCK AND CO.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/07/2014** at 02:06:00 PM
Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| JENNIFER LUCERO and RAFAEL SOLORZANO, individually and on behalf of all others similarly situated, <br><br>             Plaintiffs, <br><br>     v. <br><br> SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware Corporation; SEARS, ROEBUCK AND CO., a New York Corporation; and DOES 1 through 50, inclusive, <br><br>             Defendants. | Case No. 37-2014-00000431-CU-OE-CTL <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br><br> Dept:        C-67 <br> Judge:      Hon. Eddie C. Sturgeon <br><br> Action Filed:    January 29, 2014 |

## ANSWER

For their answer to Plaintiff Jennifer Lucero and Rafael Solorzano's (collectively "Plaintiffs") unverified First Amended Class Action Complaint ("Complaint"), defendants Sears Holdings Management Corporation and Sears, Roebuck, and Co. (collectively "Defendants") file this general denial pursuant to California Code of Civil Procedure section 431.30 (d), and hereby deny each and every allegation of the Complaint.  Defendants further assert the following defenses:

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

As to the Complaint and to each claim for relief therein, Defendants assert that Plaintiffs and/or the purported class agreed to resolve any disputes with Defendants through arbitration and, pursuant to the arbitration agreement, Plaintiffs' claims must proceed on an individual basis and not on a class or representative basis.

### Second Affirmative Defense

As to the Complaint and to each claim for relief therein, Defendants allege that the Complaint, and each purported claim for relief therein, fails to state facts upon which relief may be granted.

### Third Affirmative Defense

As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs and/or the purported class settled, compromised, released, relinquished and waived any right to any of the claims upon which Plaintiffs and/or the purported class now seek relief, including, but not limited to, in releases obtained through prior settlements of wage-and-hour claims, and that each purported claim for relief is barred, in whole or in part, by payment, setoff and/or accord and satisfaction.

### Fourth Affirmative Defense

As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs and/or the purported class were and are at all times mentioned in the Complaint exempt from the overtime, meal and rest break requirements of California law, including, but not limited to, the

- 2 -

1   executive and administrative exemptions, or a combination of those exemptions.

2   ### Fifth Affirmative Defense

3   As to the Complaint and each claim for relief therein, Defendants allege that the claims of

4   Plaintiffs are barred in whole or in part by the applicable statutes of limitation, including, but not

5   limited to, California Civil Procedure Code sections 338 (a) and 340 (a), California Labor Code

6   section 203 and California Business & Professions Code section 17208.

7   ### Sixth Affirmative Defense

8   As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs

9   and/or the purported class have failed to timely make a demand in writing for wages due and

10  payable.

11  ### Seventh Affirmative Defense

12  As to the Complaint and to each claim for relief therein, the alleged damages to Plaintiffs

13  and/or the purported class are *de minimis,* for which Plaintiffs and/or the purported class cannot

14  recover.

15  ### Eighth Affirmative Defense

16  As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs'

17  and/or the purported class's recovery in this action is barred in whole or in part by their failure to

18  exercise reasonable care and diligence to mitigate damages allegedly accruing to them.

19  ### Ninth Affirmative Defense

20  As to the Complaint and each claim for relief therein, Defendants allege that Plaintiffs'

21  and/or the purported class's claims  and effort to proceed on a class basis are barred by the

22  doctrines of *res judicata* and collateral estoppel.

23  ### Tenth Affirmative Defense

24  As to the Complaint and to each claim for relief therein, Defendants allege that some or all

25  of the claims asserted by Plaintiffs and/or the purported class are barred by the equitable doctrines

26  of estoppel, laches and/or unclean hands.

27  ### Eleventh Affirmative Defense

28  As to the Complaint and to each claim for relief therein, Defendants allege that because

- 3 -

1    liability may not be determined by a single jury on a class-wide basis, allowing this action to

2    proceed as a class action would violate Defendants' rights under the Seventh Amendment.

**Twelfth Affirmative Defense**

4    As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs

5    and/or the purported class approved, consented to and/or ratified some or all of the actions now

6    complained of.

**Thirteenth Affirmative Defense**

8    As to the Complaint and to each claim for relief therein, Plaintiffs' and/or the purported

9    class's claims are subject to good faith disputes over wages.

**Fourteenth Affirmative Defense**

11    As a separate defense to the Complaint and each claim for relief therein, to the extent

12    Plaintiffs seek civil money penalties, such claims are unconstitutional under federal and/or state

13    constitutional provisions of due process, equal protection and/or excessive fines clauses.

**Fifteenth Affirmative Defense**

15    As to the Complaint and each claim for relief therein, Plaintiffs' claims fail because the

16    application of the Private Attorneys General Act without appropriate safeguards violates the due

17    process provisions under the federal and California Constitutions.

**Sixteenth Affirmative Defense**

19    As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs

20    and/or the purported class lack standing to prosecute this action or assert the legal rights or

21    interests of others.

**Seventeenth Affirmative Defense**

23    As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs

24    and/or the purported class have failed to comply with California Labor Code sections 2854, 2856,

25    2858 and 2859, respectively, to the extent that they failed to use ordinary care and diligence in the

26    performance of the their duties, failed to substantially comply with the reasonable directions of

27    their alleged employer, and failed to exercise a reasonable degree of skill in performing their job

28    duties.

- 4 -

## Eighteenth Affirmative Defense

As to the Complaint and to each claim for relief therein, Defendants allege that Plaintiffs and/or the purported class are not entitled to equitable relief because they have failed to avail themselves of or exhaust plain, adequate or complete remedies at law available to them under California law.

## Nineteenth Affirmative Defense

As to the Complaint and each claim for relief therein, Defendants allege that Sears Holdings Management Corporation is an improper defendant as it does not and has not employed Plaintiffs nor any Assistant Store Managers; Sears, Roebuck and Co. was/is the employer of the Assistant Store Managers in California.

## Twentieth Affirmative Defense

As to the Complaint and each claim for relief therein, Defendants allege that Plaintiffs and/or the purported class may have failed to exhaust their administrative, statutory and/or contractual remedies.

## RIGHT TO ASSERT ADDITIONAL DEFENSES AS DISCOVERED

Defendants reserve the right to assert additional defenses as they become evident through discovery or investigation.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That the Plaintiffs be compelled to individual arbitration(s) and that the case be stayed pending arbitration or dismissed;

2. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

3. That judgment be entered in favor of Defendants on all claims for relief;

4. That Defendants be awarded attorneys' fees and costs of suit; and

5. For such other and further relief as this Court may deem proper.

///

///

- 5 -

Dated: July 7, 2014

JOSEPH C. LIBURT
Orrick, Herrington & Sutcliffe LLP


By: _____ s/ Joseph C. Liburt
JOSEPH C. LIBURT
Attorneys for Defendants
SEARS HOLDINGS MANAGEMENT
CORPORATION and SEARS, ROEBUCK
AND CO.

- 6 -

Exhibit B
Page 87

1

## PROOF OF SERVICE BY MAIL

2          I am more than eighteen years old and not a party to this action.  My business

3   address is Orrick, Herrington & Sutcliffe, LLP, 400 Capitol Mall, Suite 3000, Sacramento,

4   California  95814-4497.  On July 7, 2014, I served the following document(s):

5   • **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED
        COMPLAINT**
6

7   on the interested parties in this action by placing true and correct copies thereof in sealed

    envelope(s) addressed as follows:
8

9          Norman B. Blumenthal              Attorneys for Plaintiffs
           Kyle R. Nordrehaug
10         Aparajit Bhowmik
           BLUMENTHAL, NORDREHAUG &
11         BHOWMIK
           2255 Calle Clara
12         La Jolla, CA  92037

13

14          I am employed in the county from which the mailing occurred.  On the date

15   indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office

16   business address indicated above.  I declare under penalty of perjury that the foregoing is true and

     correct.
17

18          Executed on July 7, 2014, at Sacramento, California.

19

20          *Patricia M. Heal*

21                                             Patricia M. Heath

22

23

24

25

26

27

28